UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE LEE THOMPSON,　　　　　　　　　　No. 10-10233

　　　　　Plaintiff,　　　　　　　　　　　　　　District Judge David M. Lawson

v.　　　　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

ALLEN J. NELSON, ET AL.

　　　　　Defendants.
_____/

**REPORT AND RECOMMENDATION**

On January 19, 2010, Plaintiff Eddie Lee Thompson, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint,[1] naming seven state court judges as defendants. On October 5, 2010, Plaintiff was granted leave to proceed in forma pauperis ("IFP"). On April 29, 2010 and August 13, 2010, respectively, Plaintiff filed a motion to supplement [Docket #7] and a motion to add the Michigan Department of Corrections ("MDOC") [Docket #8], which the Court construes as amendment to the complaint under Fed.R.Civ.P. 15(a). For the reasons discussed below, I recommend that the complaint be dismissed *sua sponte*, pursuant to 28 U.S.C. §1915(e)(2)(B).

**I.　　FACTS**

The Plaintiff's 21-page complaint and 84 pages of exhibits describe his plea-based conviction in the Genesee County Circuit Court of second-degree murder and possession of a firearm during the commission of a felony, as well as the termination of his parental rights in the

---

[1] Plaintiff has styled his complaint a "Human Rights Violation Complaint." Of course, the pleadings of a *pro se* litigant are to be liberally construed. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In that Plaintiff is suing state officials for violation of his rights, I will construe the complaint as being brought under 42 U.S.C. § 1983.

-1-

Genesee County Probate Court. As to the termination of parental rights, Plaintiff claims that "false child abuse or neglect charges" were filed against him in 1993, "without notice and hearing." *Complaint*, p.1. He claims that the termination proceedings, which he characterizes as the "forcible abduction" of his then-two-year-old daughter, was a "human rights violation." Plaintiff's Exhibit 1 shows that a summons and a copy of the termination petition were personally served on him at the Genesee County Jail on September 6, 1994. Plaintiff claims that he was "medically sedated" and "beat up by the police" at that time. *Complaint*, p.2. On September 23, 1994, Defendant Judge Allen Nelson appointed attorney John Battles to represent the Plaintiff. *See* Plaintiff's Exhibit 1, p.3. Plaintiff concedes that attorney Battles represented him at the termination hearing. *Complaint*, p.3; Plaintiff's Exhibit 3.[2]

As to his criminal conviction, Plaintiff alleges a number of procedural errors, including an erroneous finding that he was competent to stand trial, an involuntary plea, and a "coerced" decision to not appeal the conviction. Plaintiff states that he pursued post-conviction relief in the state courts under subchapter 6.500 of the Michigan Court Rules, and also pursued habeas corpus relief under 28 U.S.C. § 2254 in the Western District of Michigan,[3] the Sixth Circuit, and the United States Supreme Court. None of these actions resulted in setting aside his conviction or sentence.

In the "Relief Requested" section of his complaint, the Plaintiff asks "that this Court declare Human Rights violations, order plaintiff's immediate release [from prison] and allow plaintiffs to amend their claims if need be."[4]

---

[2] On March 8, 2002, Judge Allen replied as follows to a letter he received from the Plaintiff:

> "As you have been informed on other occasions, your parental rights to your child, Chitara Thompson, were terminated on December 7, 1994. She was subsequently adopted. You attended the hearing and were represented by Attorney John Battles at the termination trial." *Plaintiff's Exhibits*, p.43.

[3] *Thompson v. Sherman*, W.D. Mich. Docket No. 01-0094.

[4] It is unclear why "Plaintiffs" is expressed in the plural.

-2-

In his request to add the MDOC [Docket #8], which the Court construes as an amendment to the complaint by right, Plaintiff alleges that the MDOC "aided and abetted" the human rights violations committed by the judicial Defendants.

## II. STANDARD OF REVIEW

As an IFP filing, this Complaint is subject to screening under 28 U.S.C. §1915(e)(2)(B), which provides that "the court *shall* dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; or (ii) fails to state a claim on which relief maybe granted." (Emphasis added). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## III. DISCUSSION

There are at least four reasons that this complaint should be dismissed as frivolous. First, all named Defendants are protected by absolute judicial immunity. Secondly, because granting relief would necessarily call into question the validity of Plaintiff's criminal convictions, his claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 487,114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Third, any claims arising out of the termination of Plaintiff's parental rights are barred by both the Rooker-Feldman doctrine and the doctrine of res judicata. Finally, the MDOC is protected by Eleventh Amendment immunity.

### A. Judicial Immunity

We begin with the proposition that judges enjoy absolute immunity from personal liability for "acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The absolute immunity of a judge applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). Judicial immunity may be defeated only by showing that the judge's actions were not judicial in nature or that the judge lacked jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 11-12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

In this case, the state court judges who are named as Defendants presided or participated in either the Plaintiff's criminal case or the probate proceedings to terminate parental rights, and were clearly acting within their jurisdiction. They are therefore protected by absolute judicial immunity.

### B. *Heck v. Humphrey*

In *Heck*, the Supreme Court held that to recover civil damages based on an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Where success in the civil suit "would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 750; 124 S.Ct. 1303, 1304 (2004).

In this case, the Plaintiff unsuccessfully pursued post-conviction remedies in both state and federal court. His claims in this case *explicitly* question the validity of his conviction, and indeed, in his prayer for relief he specifically asks this Court to order his immediate release from custody. His claims are therefore barred by *Heck v. Humphrey*.

### C. Rooker-Feldman / Res Judicata

#### 1. Rooker-Feldman

Apart from alleged errors arising from his criminal conviction, Plaintiff claims errors in the parental termination proceedings in Probate Court.

The *Rooker-Feldman* doctrine divests federal district courts of subject matter jurisdiction to review state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District

*of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002). *Rooker-Feldman* reflects the principle set forth in 28 U.S.C. § 1257 that the United States Supreme Court is the sole federal court with jurisdiction to review state court decisions. The doctrine precludes district courts from hearing challenges to state court decisions "even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486.[5] The *Rooker-Feldman* doctrine prohibits federal courts from engaging in appellate review of not only state court judgments, but also any claim "inextricably intertwined" with state court judgments. *Peterson Novelties, supra*, at 390.

In *Exxon Mobil Corp.*, 544 U.S. at 284, the Supreme Court described as follows the circumstances under which a Rooker-Feldman jurisdictional bar come into play:

> "The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

The *Rooker-Feldman* doctrine has particular force in the context of state domestic relations cases, including parental termination proceedings. The Sixth Circuit has consistently held that "[e]ven when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Company*, 654 F.2d 1212, 1215 (6th Cir. 1981), citing *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th ir. 1973). *Firestone* characterized this as the "domestic relations exception" to federal jurisdiction. 654 F.2d at 1216. Indeed, more than 100 years ago, the United States Supreme Court stated, "The whole subject of the domestic relations of husband and wife, parent

---

[5] In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the Supreme Court clarified, and to an extent narrowed the Rooker-Feldman doctrine, recognizing that a state court judgment does not necessarily preclude federal district court jurisdiction based, for example, on federal question jurisdiction under 28 U.S.C. §1331, and that there could be parallel state and federal litigation. This case, of course, does not involve parallel proceedings, and even if it did, *Exxon Mobil* recognized that a federal complaint could still be subject to dismissal on the basis of issue or claim preclusion. *See* Sec. (C)(2), *infra*.

and child, belongs to the laws of the states and not to the laws of the United States." *In re Burns*, 136 U.S. 586, 593-94, 10 S.Ct. 850, 34 L.Ed. 500 (1890).

It is clear that this Plaintiff is a classic "state court loser" who now seeks to have this Court review a probate court judgment that is not to his liking. Under Rooker-Feldman, this Court has no jurisdiction to hear this claim.

## 2. Preclusion

Even if Rooker-Feldman did not apply, and the compalint could be construed as raising an arguable federal issue, it would be barred under principles of res judicata, or claim preclusion.[6] As the Supreme Court noted in *Exxon Mobil*, the "Full Faith and Credit Act...requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give.'" 125 S.Ct. At 1527, quoting *Parson Steel Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986); *Sinclair v. Bankers Trust, supra*. Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich. App. 389, 396, 573 N.W.2d 336 (1997).

Application of the doctrine of res judicata in Michigan requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997) (1997). "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747

---

[6] To the extent that the issues in this case were in fact raised in the state court proceedings, the applicable preclusion principle would be collateral estoppel, or issue preclusion.

(1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds*, *Patterson v. Kleiman*, 447 Mich. 429, 433 n.3 (1994).

The Plaintiff's claims as to the probate court action center on alleged procedural violations in the parental termination proceedings. While the Plaintiff failed to timely appeal the decision, there was nothing to prevent him from raising these same claims in state court. The factual underpinning of both cases is the same, and thus "the same facts or evidence are essential to the maintenance of the two claims." *Huggett*. The three-prong test of *ABB Paint Finishing* has been met, any federal claims in this case could have, with reasonable diligence, been raised in the state proceedings.

### D. Eleventh Amendment Immunity

In Docket #8, the Plaintiff adds the MDOC as a Defendant, alleging that it was complicit in the human rights violations committed by the various judges.

Section 1983 claims against an agency of the State are subject to dismissal because "[t]he United States Supreme Court has specifically held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Price v. Caruso,* 451 F.Supp.2d 889, 902 (E.D.Mich.2006)(Friedman, J.); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Therefore, apart from the other deficiencies in this case, such as the *Heck v. Humphrey* problem, the MDOC is immune from suit.

### IV. CONCLUSION

Because this complaint lacks any basis in law or fact, I recommend that it be *sua sponte* DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §1915(e)(2)(B).

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1 (d)(2). Failure to file specific objections constitutes a waiver of any further right to appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct.46, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*,

932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local* 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1 (d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response should not be more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: October 12, 2010

_____

**CERTIFICATE OF SERVICE**

I hereby certify on October 12, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 12, 2010: **Eddie Lee Thompson**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217