UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE LEE THOMPSON,

                Plaintiff,                              Case Number 10-10233
v.                                                      Honorable David M. Lawson
                                                        Magistrate Judge R. Steven Whalen

ALLEN J. NELSON, PETER ANASTOR,
VALDEMAR WASHINGTON, GEOFFREY
L. NEITHERCUT, ARCHIE L. HAYMAN,
DUNCAN M. BEAGLE, CHAD C.
SCHMUCKER,

                Defendants.
_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT**

Eddie Lee Thompson, a former inmate of the Michigan Department of Corrections (MDOC) currently on parole, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against seven state-court judges in their individual capacities. The Court referred this case to Magistrate Judge R. Steven Whalen for pretrial management. On October 12, 2010, Judge Whalen filed a report recommending that the Court dismiss the case on its own motion after he completed the screening required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. On November 23, 2010, the Court adopted the report and dismissed the case. However, at that time, the Court had overlooked objections that the plaintiff had filed, and thereafter the Court vacated the dismissal order. Now, after reviewing the objections and considering the matter afresh, the Court concludes that judicial immunity precludes the claims in the complaint. Therefore, once again, the Court will adopt the report and recommendation and dismiss the complaint.

I.

The allegations in the complaint are difficult to interpret, but generally speaking, they fall into three categories. First, the plaintiff complains about his prosecution for murder and weapons charges in 1994. He alleges that the district and trial judges issued fraudulent court orders, the psychiatric examiner incorrectly determined he was competent to stand trial, he was improperly denied an arraignment and preliminary examination, and his confession and plea agreement were coerced. He also complains of torture and police brutality, including a beating in the county jail in 1994 that contributed to his memory problems, improper and forcible administration of psychotropic medications, and being held against his will.

Second, the plaintiff complains about irregularities in the termination of his parental rights to his daughter, Chitara, in the same year. He alleges that prosecutors filed false charges against him in 1993 for child neglect and abuse, his parental rights were terminated without due process in 1994, and government officials forcibly abducted his daughter and demanded $40,000 ransom for her return. The plaintiff claims he was so sedated by improper medication that he could not attend the proceedings to terminate his parental rights. He equates the termination of his parental rights to torture and genocide, and he complains of loss of consortium and severe emotional distress in association with Chitara's adoption.

Third, the plaintiff complains that his attorneys in those same matters did not provide effective assistance because they permitted or assisted in the extraction of his coerced confession and plea, lied to him, and advised him against appealing.

As mentioned, the only named defendants are seven state court judges, whom the plaintiff purports to sue "in their individual capacity for human rights violations." Compl. at 1. After

screening, Judge Whalen recommended dismissing the case because (1) all of the defendants are protected by judicial immunity; (2) the complaint is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), because it seeks to challenge the plaintiff's state court convictions; and (3) the claims dealing with termination of parental rights are barred by the *Rooker-Feldman* doctrine and the doctrine of claim preclusion.

The plaintiff filed objections to the magistrate's report. Most of the objections, presented in eighty-six numbered paragraphs, merely restate the allegations in the complaint. Most of the exhibits offered in support also duplicate those attached to the complaint. The Court will deal with the objections categorically. However, the Court concludes that the defendants enjoy judicial immunity from the claims raised, and therefore the complaint will be dismissed on that ground.

II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

In the Prison Litigation Reform Act (PRLA), Congress mandated that the Court screen for colorable merit every prisoner complaint filed against a state or governmental entity. 28 U.S.C.

§ 1915A(a) ("The court *shall* review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." (emphasis added)). In addition, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Sua sponte* dismissal is appropriate if the prisoner's civil rights complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and is held to "less stringent standards" than a complaint drafted by counsel, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prisoners if they "fail[] to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Many of the plaintiff's objections criticize the magistrate judge's rendition of the facts of the case as taken from the complaint. The Court finds those objections to lack merit. The magistrate judge accurately summarized the complaint and the plaintiff's claims.

The plaintiff also contends that his complaint was misconstrued as an action brought under 42 U.S.C. § 1983. He says that instead, he meant to allege a claim under the Alien Tort Claims Act, 28 U.S.C. § 1350. That statute confers jurisdiction on district courts over "any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." *Ibid.* However, there is no suggestion that the plaintiff is an alien, and therefore the statute is inapplicable.

The plaintiff also objects to the magistrate judge's application of the judicial immunity doctrine. The plaintiff cites case law that permits suit against state officials in their personal capacities for violations of clearly established rights, despite the official nature of their acts. The same opinion, however, *Hafer v. Melo*, 502 U.S. 21 (1991), explicitly distinguishes those officials who enjoy *absolute* immunity from suit, including "judges carrying out their judicial functions." *Id.* at 29. The Court finds that judicial immunity bars the plaintiff's claims against the named defendants. In *Barrett v. Harrington*, 130 F.3d 246, 254-56 (6th Cir. 1997), the court determined

that judges, when performing judicial functions, are entitled to absolute immunity from suits for money damages. Judicial immunity is abrogated only when a judge is not acting in a judicial capacity, or when the judge takes action in the absence of jurisdiction, which is not the case here. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Whether an action is "judicial" depends on the "'nature' and 'function' of the act, not the 'act itself.'" *Id.* at 13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). This functional analysis generally turns on two factors set forth by the Supreme Court in *Stump*. First, rather than looking at a particular act in isolation, courts should "look to the particular act's relation to a general function normally performed by a judge." *Mireles*, 502 U.S. at 13. Second, courts must assess whether the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362. An act "'does not become less judicial by virtue of an allegation of malice or corruption of motive.'" *Sparks v. Character and Fitness Committee of Kentucky*, 859 F.2d 428, 432 (6th Cir. 1988) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)).

The complaint in this case contains many allegations about the conduct of the state court judges. But all of the allegations touch upon the performance of judicial duties, most of which involved the adjudication of the plaintiff's cases. The magistrate judge determined that judicial immunity shields the named defendants from suit, and upon *de novo* review, this Court does as well.

Because judicial immunity is an absolute bar to the plaintiff's claims, the Court sees no reason to address the plaintiff's further objections directed toward the recommendation applying *Heck v. Humphrey*, 512 U.S. 477 (1994) and the *Rooker-Feldman* doctrine.

The magistrate judge also addressed the plaintiff's attempt to add the Michigan Department of Corrections (MDOC) as a defendant in the case. He rejected that attempt because the MDOC,

-6-

as an arm of the State, is protected by immunity under the Eleventh Amendment. The magistrate judge is correct. Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The Eleventh Amendment unquestionably applies to the MDOC. As the Sixth Circuit has explained:

> The Eleventh Amendment generally bars a suit for money damages brought in federal court against a state unless the state has waived its sovereign immunity or consented to be sued, and the State of Michigan has not done so here. Because sovereign immunity extends to "state instrumentalities," and the MDOC is "an arm of the State of Michigan," the MDOC is entitled to sovereign immunity on the § 1983 claim as well.

*McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010) (citations omitted).

III.

The Court agrees with the recommendations of the magistrate judge and finds that the plaintiff's objections are without merit. Upon *de novo* review under 28 U.S.C. § 1915(e)(2)(B), the Court determines that the lawsuit must be dismissed.

Accordingly, it is **ORDERED** that the Magistrate Judge's report and recommendation [dkt. #12] is **ADOPTED**, and the plaintiff's objections [dkt. #14] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the plaintiff's several motions [dkt. #20, 21, 22, 23] are **DISMISSED AS MOOT**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 23, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 23, 2012.

                                            s/Susan K. Pinkowski
                                            SUSAN K. PINKOWSKI